**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRIS B. GRINDLING, | No. 11-15615 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02395-FJM |
| v. | |
| TODD THOMAS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Chris B. Grindling, a Hawaii state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and denial of his First Amendment rights.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Grindling's deliberate indifference claim because Grindling failed to raise a genuine dispute of material fact as to whether defendant Bowden knew of and disregarded an excessive risk to his health in determining whether to treat his Hepatitis C. *See id.* at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health, and a difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Grindling's First Amendment claim because Grindling failed to raise a genuine dispute of material fact as to whether the grievance restriction imposed on him was reasonably related to legitimate penological interests. *See Lewis v. Casey*, 518 U.S. 343, 361-62 (1996) (access to courts may be constitutionally curtailed in furtherance of "legitimate penological interests"); *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (setting forth four-factor test to analyze validity of policies or regulations that impinge on inmate's First Amendment rights); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (retaliation claim requires prisoner to show

that action does not further any legitimate penological goal). Furthermore, Grindling failed to offer evidence that defendant Thomas deprived him of grievance forms or directed others to do so. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor only liable for constitutional violations of subordinates if he or she participated in or directed the violations, or knew of but failed to act to prevent them).

Grindling's remaining contentions, including those concerning alleged district court bias, are unpersuasive.

**AFFIRMED.**